F. F. McIntosh *et al. v.* Benj. C. Smith *et al.*

(No. 7633)

Submitted January 23, 1934.   Decided January 30, 1934.

*Lilly & Lilly,* for appellant.
*Harper & Baker* and *Grover F. Hedges,* for appellees.

Hatcher, Judge:

This appeal involves the right of an intervening petitioner in a creditors' suit to litigate the title of an interest in real estate therein decreed to be sold as property of the debtor.

The creditors' suit was instituted against Benj. C. Smith November 23, 1931.   The cause was referred to a commissioner January 22, 1932, and he reported on May 2, 1932, listing as one of the properties owned by the debtor "Lot No. 4, Being an undivided one-third interest in a lot on Market Street * * * which came to the said Ben. C. Smith by inheritance from his father, the late C. C. Smith, deceased."   The report was confirmed (without exception) and sale of the debtor's real estate

decreed on May 16, 1932. The property was first sold on August 27, 1932, and upon an upset bid being tendered on the debtor's interest in lot No. 4, it was resold on October 17, 1932, to C. C. Casto. While confirmation of the second sale was pending, Flora A. Wetzel filed a petition on January 16, 1933, alleging as follows: That C. C. Smith died testate in 1897 leaving his widow, Margaret A., and three children, Benjamin C., Flora A. Wetzel and Sarah A. Casto; that in 1921 C. C. Casto brought a suit against the heirs and representatives of C. C. Smith which terminated in a decree entered September 26, 1923, finding that the estate of C. C. Smith owed his widow, Margaret A., $7,831.42; that $2,000.00 was paid on this indebtedness in August, 1924, and that there have been no other payments; that Margaret A. died in December, 1927, testate, bequeathing her claim on the estate of C. C. Smith to Benj. C. and Flora A. Wetzel, equally; that Benj. C. acquired his interest in lot No. 4 (sold in the creditors' suit) by inheritance from his father, C. C. Smith, and that the unpaid balance of the $7,831.42 found to be due Margaret A. in the Casto suit is a valid charge upon that lot; that the decree of September 26, 1923 (in the Casto suit) was recorded in the judgment lien docket in the office of the clerk of the county court on January 13, 1933; that petitioner was not made a party to the creditors' suit against Benj. C.; and that the present sale of lot No. 4 in that suit, if confirmed, would create a cloud upon the title to the lot, and make "it impossible to sell said lot No. 4 for the payment of the indebtedness of the estate of the late C. C. Smith now owned by and coming to this petitioner." The petition makes no one a party to it but prays that the petitioner be made a party defendant to the creditors' suit; that the sale of lot No. 4 be not confirmed; that Benj. C. as executor of C. C. Smith be made a defendant to said suit and required to settle his accounts; that Benj. C. as the executor of Margaret A. Smith also be made a defendant and required to make settlement of her estate; and that lot No. 4 be sold and the claim of the petitioner be given priority over the debts of Benj. C., etc.

The petition was demurred to by the plaintiffs in the creditors' suit and by Casto, the purchaser therein of the interest in lot No. 4. The circuit court sustained the demurrer and confirmed the sale to Casto. Mrs. Wetzel appealed.

Appellant would make the point that the demurrer to her petition was not in writing as required by the statute. The decree is not specific on whether the demurrer was oral or in writing; it simply recites that the parties above named demurred to the petition. Since it does not affirmatively appear that the demurrer was oral, we must indulge a presumption that the demurrer complied with the statute, otherwise the court would not have entertained it.

The petition is materially defective for two reasons: it makes neither Benj. C. Smith nor any one else a party to it, and it offers no explanation of petitioner's long delays in demanding settlements of the estates of C. C. and Margaret A. Smith, respectively. On the first defect see *Grocery Co.* v. *Kinser,* 93 W. Va. 172, 175-6, 116 S. E. 141; and on the second see *Badger* v. *Badger,* 2 Wall. 87, 17 L. Ed. 836. Delay in entering the suit weighs heavily against the petitioner herein. Moreover, her demand is primarily against the estate of C. C. Smith. The creditors' suit herein is against Benj. C. Smith alone, and does not involve primarily the settlement of the C. C. Smith estate. Consequently, there was no occasion for the creditors to make petitioner an initial party to their suit. It would be manifestly unfair to the creditors, at this late date in their suit, to allow petitioner to inject into that suit such "new matter" as her right to have the estates of her father and mother settled, unless the settlements were necessary to the prosecution of that suit. That necessity does not appear. If her petition had even caused the purchaser of the interest in lot No. 4 to become dissatisfied with his purchase, the situation might be different. But despite full knowledge of petitioner's claim, Casto is willing to complete his purchase. Her claim is not affected merely by confirmation of the sale to him. *Caveat emptor.* If the purchaser is satisfied and she is not prejudiced, why subject the creditors to additional costs and further delay in procuring their ends? The fairer way is to leave petitioner to prosecute her claim in a separate suit against only Casto and such others as may be interested in the estates of her father and mother.

Consequently, we are of opinion that the ruling of the circuit court on demurrer should be affirmed. However, the

petition should have been dismissed without prejudice to Mrs. Wetzel, and the decree will be modified to that extent.

*Modified and affirmed.*